## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 7 |
| TIMOTHY T. JARVIS, | ) | |
| | ) | Case No. 04-10806-JMD |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | |
| READY PRODUCTIONS, INC., | ) | Adversary Proceeding |
| | ) | No. |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY T. JARVIS, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

### READY PRODUCTIONS, INC.'S COMPLAINT FOR INJUNCTIVE RELIEF AND A DETERMINATION THAT THE SETTLEMENT AGREEMENT BETWEEN READY PRODUCTIONS, INC. AND THE DEBTOR, TIMOTHY T. JARVIS IS NOT AN EXECUTORY CONTRACT

Ready Productions, Inc., plaintiff herein ("Ready Productions" or "Plaintiff"), by and through its counsel, hereby alleges:

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334, and the standing order of reference entered in this district on January 18, 1994.  This is an adversary proceeding to obtain an injunction brought pursuant to Fed.R.Bankr.P. 7001(7).

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b) and Fed.R.Bankr.P. 7008.

3.      On March 10, 2004, Timothy T. Jarvis (the "Debtor" or "Defendant") filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "Bankruptcy

Code").

4.      Plaintiff is listed as a creditor in the above captioned bankruptcy proceeding.

5.      Plaintiff hereby institutes an action against the Debtor seeking a determination that (i) the Settlement Agreement, described more fully herein, entered into between the Plaintiff and the Debtor is not an executory contract capable of rejection pursuant to section 365 of the Bankruptcy Code; and (ii) enjoining the Debtor from soliciting and otherwise acting in violation of the Settlement Agreement.

6.      Plaintiff is an adverse party to the Debtor in civil litigation now pending in Suffolk Superior Court in Boston, Massachusetts, Civil Action No. 03-4389-BLS (the "Civil Action").[1]

7.      Prior to the current bankruptcy filings, both The Kelly Group and Ready Productions engaged in the business of providing marketing and promotional services for automotive dealership clients in New England.  The Debtor was introduced to the business in 1996, when he began to work for Ready Productions as a sales representative.

8.      As set forth in Plaintiff's pleadings in the Civil Action, the Debtor is a former sales representative for Ready Productions.  At the time that he was affiliated with Ready Productions, he was subject to a non-competition agreement that he breached in 2002 when – by his own admission – he established The Kelly Group and began surreptitiously to solicit Ready Productions' customers on his own behalf while still being paid by Ready Productions.

9.      In late 2002, the Debtor, The Kelly Group and Ready Productions engaged in

---

[1]      The Debtor also filed a petition for relief under Chapter 7 on behalf of his business, The Kelly Group Advertising & Marketing Firm LLC ("The Kelly Group"), Case No. 04-10805-JMD.  The Kelly Group is also a defendant in the Civil Action.

litigation concerning the Debtor's non-competition agreement.  Initial discovery in that case verified Ready Productions' claims and damages. Within weeks of Debtor's deposition, the parties entered into the Settlement Agreement.  Pursuant to the Settlement Agreement, the Debtor and The Kelly Group vowed not to directly or indirectly provide certain direct mail marketing services for a year, agreed not to market to a mutually agreed upon list of Ready Productions' customers for two years, and agreed to compensate Ready Productions for its damages.[2]

10.     The Debtor immediately breached the Settlement Agreement by participating in the establishment and operation of a company known as Direct Response.  Ready Productions alleges – and discovery in the Civil Action has demonstrated -  that Direct Response has been used by the Debtor to perform work that the Settlement Agreement specifically prohibits him and The Kelly Group from performing.

11.     In September 2003, Ready Productions commenced the Civil Action in order to obtain injunctive relief and recover damages as a result of the Debtor's and The Kelly Group's breach of the Settlement Agreement.

12.     Extensive discovery has been taken in the Civil Action.  On March 3, 2004, Ready Productions served the Debtor and The Kelly Group with its summary judgment pleadings.  Instead of responding to those papers, the Debtor and The Kelly Group filed for bankruptcy protection on March 10, 2004.

13.     On or about March 30, 2004, the Plaintiff became aware, upon information and

---

[2]     A copy of the Settlement Agreement was filed with the Court, on or about April 15, 2004, as Exhibit A to Plaintiff's Motion For Relief From the Automatic Stay.

belief, that the Defendant was continuing to solicit business on behalf of himself and/or The Kelly Group as though neither had already invoked the protection of the Bankruptcy Code, and in violation of the terms of the Settlement Agreement.  Accordingly, Plaintiff notified the Chapter 7 Trustee.

14.    On or about April 2, 2004, Plaintiff's counsel received a copy of a letter sent by the Chapter 7 Trustee to the Debtor in which the Trustee directed the Debtor to "cease and desist from any further activity in the corporate capacity or individual capacity relative to the business as it existed prior to filing bankruptcy."

15.    On or about April 15, 2004, the Debtor filed an amended Bankruptcy Schedule G listing the Settlement Agreement as an executory contract.  The Debtor also filed a Notice of Intent to Reject Executory Contract in which he purports to reject the Settlement Agreement.

16.    Subsequent to that amendment, the Plaintiff again learned that, upon information and belief, the Debtor is continuing to solicit and perform his pre-bankruptcy business despite the Trustee's admonition, and again in direct violation of the Bankruptcy Code and the Settlement Agreement.

**COUNT I**

17.    The Plaintiff restates the allegations contained in paragraphs 1 through 16.

18.    The Settlement Agreement is not an executory contract and, therefore, is not capable of rejection pursuant to section 365.

19.    According to the provisions to section 365 of the Bankruptcy Code, only the trustee may assume or reject executory contracts in a case under chapter 7.  Thus, the Debtor is not entitled to reject any executory contract in his bankruptcy case.

20.    Assumption or rejection of an executory contract is a contested matter governed

4

by Fed.R.Bankr.P. 9014, and relief must be requested by motion.  Thus, the Debtor's Notice of Intent to Reject Executory Contract was never effective.

### COUNT II

21.     The Plaintiff restates the allegations contained in paragraphs 1 through 20.

22.     The Plaintiff is also entitled to the protection of the non-competition provisions contained in the Settlement Agreement which continues in full force and effect.

23.     The Debtor should be enjoined from violating the restrictive covenants contained within the Settlement Agreement.

WHEREFORE, Plaintiff respectfully requests the Court find for the Plaintiff on all counts and determine that the Settlement Agreement is not an executory contract, that the Settlement Agreement continues in full force and effect, and enjoin the Debtor from violating the Settlement Agreement.

Ready Productions, Inc.

By its Attorneys

PALMER & DODGE LLP

  /s/ Judy A. Groves
Ruth T. Dowling, Esq. (*pro hac vice*)
Sean M. Becker, Esq. (*pro hac vice*)
Judy A. Groves, Esq. (*pro hac vice*)
111 Huntington Avenue at Prudential Center
Boston, MA 02199
Tel:    (617) 239-0100
Fax:    (617) 227-4420
rdowling@palmerdodge.com
sbecker@palmerdodge.com
Dated: May 10, 2004        jgroves@palmerdodge.com

**VERIFICATION**

I, Daniel Ready, state under the pains and penalties of perjury that the factual allegations of this Verified Complaint are true to the best of my knowledge, information and belief, except as to the allegations made upon information and belief, which I believe to be true.


 /s/ Daniel Ready
Daniel Ready

Dated:  May 10, 2004